**KELLOGG COMPANY, a Delaware Corporation, Plaintiff,**

**v.**

**INTERNATIONAL PRINTING PRESSMEN AND ASSOCIATES UNION OF NORTH AMERICA (AFL–CIO) and Printing Specialty and Paper Products Union Local No. 480, Defendants.**

**Civ. A. No. K75–265.**

United States District Court,
W. D. Michigan, S. D.

March 23, 1976.

Dickinson, Wright, McKean & Cudlip, Detroit, Mich., for plaintiff; John C. O'Meara and Robert P. Ufer, Detroit, Mich., of counsel.

McCroskey, Libner, VanLeuven, Kortering, Cochrane & Brock, Battle Creek, Mich., for defendants; Edward J. Welch, Jr., Battle Creek, Mich., of counsel.

## OPINION

FOX, Chief Judge.

Pursuant to a collective bargaining agreement between Kellogg Company

and Local 480, Printing Specialty and Paper Products Union (AFL–CIO), a grievance concerning computation of wage increases was submitted to binding arbitration. The arbitrator ruled in favor of the union, and the company, as plaintiff in this suit, now seeks to have the court set aside the arbitral award. The complaint alleges that the arbitrator exceeded his authority, and that his decision "manifests clear infidelity to the Arbitrator's obligation to draw the essence of the award from the collective bargaining agreement." The union has filed a counterclaim, requesting this court to enforce the arbitrator's award, to retain jurisdiction in order to supervise the payment of monies, and to award interest, costs, and attorney fees. The court's jurisdiction to hear this suit is predicated upon § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, and its authority to grant declaratory relief is invoked pursuant to 28 U.S.C. § 2201.

■ The federal court's function in cases of this type is not to examine the merits of the dispute *de novo*. Instead, "the judicial inquiry . . . must be strictly confined to the question whether the [parties] did agree to arbitrate the grievance, or did agree to give the arbitrator the power to make the award he made," *United Steelworkers of America v. Warrior and Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409, 1417 (1960), since "the court should view with suspicion an attempt to persuade it to become entangled in the construction of the substantive provisions of a labor agreement . . . ." Id., 585, 80 S.Ct. 1354, 4 L.Ed.2d 1419.

■ In this case, it is undisputed that both parties contractually agreed to arbitrate this dispute, and that both chose Arbitrator Ellman and agreed to be bound by his decision. Our national labor policy is designed to encourage peaceful resolution of labor disputes without resort to courts, and a high premium is placed upon the finality of arbitration awards.

■ An arbitrator's award is, of course, not unimpeachable, but rather "is legitimate only so long as it draws its essence from the collective bargaining agreement." *United Steelworkers of America v. Enterprise Wheel & Car Co.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424, 1428 (1960). Plaintiff contends that the contract language is so clear that it is incapable of any construction other than that proffered by the company. While the company's position is therefore that the arbitrator did not draw the essence of his award from the contract, plaintiff concedes that if the court finds the contract language to be ambiguous, it should enforce the award and grant defendant's motion for summary judgment.

■ After carefully reviewing the contract language in light of the claims of each party, the court finds that the disputed provision could in fact be construed to support either position. In addition, the arbitrator's thorough and well-reasoned opinion is cogent evidence that his ruling was drawn from the collective bargaining agreement. The court finds that the arbitrator did not "modify" the contract, or ignore its express terms. Instead, his decision can properly be characterized as "interpretation of the collective bargaining agreement." Indeed, it appears that the arbitrator's construction of the contract language was entirely reasonable, but whether the court believes the ruling was "correct" or not is legally irrelevant.

Because this court finds that the contract language was ambiguous and that the arbitrator, in interpreting the terms of the agreement, acted wholly within legal bounds, the defendant union's motion for summary judgment is hereby granted. Further, in light of the importance attached to the finality of grievance arbitration, the court finds that the defendant's request for interest and costs should be granted.

■ Both parties agreed to be bound by the arbitrator's ruling, and the prevailing party should not be forced to bear the costs of a decision by the unsuc-

cessful party to make the federal court yet another stage of the grievance arbitration process, in derogation of the collective bargaining agreement. The fact that the company fervently believes in the correctness of its position, or that it fears that the potential consequences of the arbitrator's ruling will be costly, cannot excuse its failure to abide by the arbitration award. If appeals from "final, binding arbitration" are not discouraged, they will multiply and subvert the scheme of industrial self-government which is so fundamental to our national labor policy.

The court concludes, however, that attorney fees cannot be awarded in this case, in light of the Supreme Court's opinion in *Alyeska Pipeline Service v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). In *Alyeska*, the Supreme Court held that federal courts may not award attorney fees without statutory authorization, absent certain equitable exceptions not applicable here. The cases cited by defendants, in which courts allowed fee awards in order to reinforce the public policy underlying our labor arbitration system, were decided before *Alyeska*. The logic of these decisions remains compelling, but their precedential value has been diminished by *Alyeska*.

The usual costs are to be taxed against the plaintiff, and interest on the amount due under the arbitral award is to be paid from the date of that judgment at the statutory rate of six per cent. 28 U.S.C. § 1961; M.S.A. §§ 19.4, 27A.6013 (1975 Supp.). The court retains such jurisdiction over the parties as is necessary to effectuate its judgment.